UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

YAINERYS SANCHEZ on behalf of
JULIO CESAR MACHADO MESA,

      Petitioner,

      v.                         Case No.:  2:26-cv-00318-SPC-DNF

WARDEN, GLADES COUNTY
DETENTION CENTER *et al.*,

      Respondent,

                                   /

## OPINION AND ORDER

Before the Court is a Petition for Writ of Habeas Corpus filed by Yainerys Sanchez on behalf of Julio Cesar Machado Mesa, who is detained by immigration officials at Glades County Detention Center.  (Doc. 1).  Sanchez claims the detention violates the Fifth Amendment because there is no significant likelihood of removal in the reasonably foreseeable future.

"Application for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. § 2242.  The latter part of that statutory provision codifies the common law tradition of permitting a "next friend" to litigate on behalf of a detained person who is unable to seek relief himself, "usually because of mental incompetence or inaccessibility." *Whitmore v. Arkansas*, 495 U.S. 149,

162 (1990). But "'next friend' standing is by no means granted automatically to whomever seeks to pursue an action on behalf of another." *Id*. 1t 163. The "next friend" must adequately explain why the detainee cannot appear on his own behalf to prosecute the action, and she must be truly dedicated to the best interests of the detainee. *Id*. "The burden is on the 'next friend' clearly to establish the propriety of h[er] status and thereby justify the jurisdiction of the court." *Id*. at 164.

Sanchez describes her relationship with Machado Mesa in a declaration that accompanies the petition. She is Machado Mesa's long-term partner of ten years and the mother of their U.S. citizen children. The Court is satisfied that Sanchez is truly dedicated to Machado Mesa's best interests and is capable of signing and verifying the petition on his behalf. But Sanchez does not address the other requirement. She does not demonstrate why Machado Mesa cannot sign and verify the petition himself.

To proceed with this action, Sanchez must demonstrate—with a supplemental declaration or other evidence—that Machado Mesa cannot appear on his own behalf. Alternatively, Machado Mesa may sign, verify, and file an amended habeas petition. If neither step is taken within **21 days** of this Order, the Court will dismiss this action for lack of standing, enter judgment, and close this case without further notice.

**DONE AND ORDERED** in Fort Myers, Florida on February 17, 2026.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

SA: FTMP-1